UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| SHAWN PATRICK FERRICK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No.    4:12-CV-29 |
| | ) | *Mattice/Carter* |
| WINCHESTER POLICE DEPARTMENT, | ) | |
| FRANKLIN COUNTY SHERIFF, | ) | |
| JAMES D. HODGES, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM

Shawn Patrick Ferrick ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 3).   Plaintiff brings suit against the Winchester Police Department, the Franklin County Sheriff, and a fellow inmate, James D. Hodges ("Inmate Hodges"). Although his complaint is difficult to decipher, the Court discerns that Plaintiff claims Inmate Hodges assaulted him after Detective Lane allegedly told Inmate Hodges about Plaintiff's charges and told the inmate to "smack" Plaintiff.

For the reasons discussed below, Plaintiff's complaint will be **DISMISSED** (Doc. 1) and the motion to proceed *in forma pauperis* will be **GRANTED IN PART and DENIED IN PART** (Court File No. 3).

## I.    Application to Proceed *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00.   Plaintiff is not relieved of the ultimate responsibility of paying the

1

$350.00 filing fee. Since Plaintiff is an inmate or prisoner in custody at Lexington Federal Medical Center, his *in forma pauperis* application will be **GRANTED** to the extent that he does not have to pay the total fee at this time but **DENIED** to the extent he will not be excused from paying the filing fee (Doc. 3). Rather, he will be **ASSESSED** and **SHALL** pay the civil filing fee of three-hundred and fifty dollars ($350.00) under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Chattanooga, TN 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00, as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this Memorandum and Judgment to the Warden and Custodian of Records at Lexington Federal Medical Center and the Commissioner of the Bureau of Prisons to ensure the custodian of Plaintiff's

2

inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid. In addition, Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order.

## II.     Standard of Review

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon

3

which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

Thus, although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. Indeed, "even in the case of *pro se* litigants ... leniency does not give a court license to serve as *de facto* counsel for a party, ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds recognized by Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010).

In addition, the Court screens the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 205 (2007).

III.    Facts

On August 29, 2011, Inmate Hodges asked Plaintiff about his charges, and after Plaintiff explained his charges, Hodges said he was told they were something different

4

by the Winchester Police Department, and then hit him in the head a few times. On September 6, 2011, Inmate Hodges came into Plaintiff's cell and told him some "exact specifics about pictures found on [Plaintiff's] computer" and stated Investigator Chris Lane had showed him the pictures and told the inmate to "smack [Plaintiff] up some." A few days later the inmate came into Plaintiff's cell again, asked him about his charges, and hit and kicked him (Doc. 1).

Plaintiff notified jail staff on September 11, 2011, about the assaults and they told him to remain in the day room in full view of the cameras. Inmate Hodges again assaulted Plaintiff, at which time officers removed the inmate and subsequently charged him with assault on Plaintiff. Plaintiff notified the investigator of Chris Lane's involvement. Plaintiff seeks compensation for pain and suffering, criminal charges against Chris Lane, and charges against the Sheriff's Department for inadequate investigation.

## IV. Analysis

### A. *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952

5

F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F.3d 459 (7th Cir. 1997).

Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Thus, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### B. Parties

Plaintiff has named the Winchester Police Department, Franklin County Sheriff, and Inmate Hodges as Defendants in this case. For the reasons stated below, the complaint will be dismissed for failing to name a proper party.

#### 1. *Winchester Police Department*

The plaintiff has named the Winchester Police Department as a defendant. The Winchester Police Department is not a legal entity amenable to being sued under 42 U.S.C. § 1983. The Winchester Police Department is not a municipality but is merely a municipal agency or department of the City of Winchester rather than a separate legal entity. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994)(police departments are not legal entities which may be sued); *Obert v. The Pyramid*, 381 F.Supp.2d 723, 729 (W.D.Tenn.2005) (police department is not a legally-existing entity); *Williams v. Baxter,* 536 F.Supp. 13, 16 (E.D.Tenn.1981). Therefore, the Winchester Police Department is not a suable entity for § 1983 purposes and all claims brought by Plaintiff

6

against the Winchester Police Department pursuant to 42 U.S.C. § 1983 will be **DISMISSED**.

Even if the Court construed Plaintiff's complaint as suing the City of Winchester ("City") for the reasons explained below, Plaintiff would not be entitled to any relief. In order to prevail against the City, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the City. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91(1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir.1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a city, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity-in this case, the City of Winchester−caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the city itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir.1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted). Plaintiff does not allege that the violation of his rights resulted from any policy or custom on the part of the City of Winchester. Consequently, to the extent Plaintiff attempted to sue the City of Winchester, the City is entitled to judgment as a matter of law. Accordingly, the City of Winchester will be **DISMISSED** from this lawsuit for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e) (Doc. 1).

7

2.    *Franklin County Sheriff*

Plaintiff has identified the next defendant in the style of his complaint as the Franklin County Sheriff but in the body of his complaint he identifies the defendant as the Franklin County Sheriff's Department.   Yet, in his factual allegations, Plaintiff names Chris Lane who is presumably a detective with the Franklin County Sheriff's Department.

First, the Franklin County Sheriff's Department is not a legal entity amenable to being sued under 42 U.S.C. § 1983.   The Franklin County Sheriff Department is not a municipality but is merely a municipal agency or department of Franklin County rather than a separate legal entity. *See Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978) (for purposes of § 1983, a "person" includes individuals and "bodies politic and corporate"); *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D.Tenn. 1984) ("the Sheriff's department is not a suable entity under Section 1983"). Therefore, the Franklin County Sheriff's Department is not a suable entity for § 1983 purposes and all claims brought by Plaintiff against the Franklin County Sheriff's Department pursuant to 42 U.S.C. § 1983 will be **DISMISSED**.

To the extent Plaintiff is suing the Franklin County Sheriff ("Sheriff"), or even assuming he properly identified Detective Chris Lane ("Detective Lane") of the Franklin County Sheriff's Department as a defendant, both are entitled to judgment as a matter of law for the reasons explained below.

Plaintiff has failed to identify in what capacity he has sued either the Sheriff or Detective Lane.   The complaint does not indicate whether these county employees are being sued in their official capacity, individual capacity, or both.

8

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), cert. denied, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir.1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir.1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir.1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir.1989); *Johnson v. Turner*, 855 F.Supp. 228, 231 (W.D.Tenn.1994), *aff'd,* 125 F.3d 324 (6th Cir.1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied,* 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir.2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City ...;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The

9

individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.' " *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in Moore. In the case at bar, Plaintiff failed to specify in his complaint that he was suing either the Sheriff or Detective Lane as an individual, rather than in their official capacity.   Indeed, the Sheriff is identified as the "Franklin County Sherif [sic]" in the style of the case, and Detective Lane is not identified in the style of the case.   In the body of the complaint, the Sheriff is not identified and Detective Lane is identified as a detective and as an investigator (Doc. 2).   Thus, absent any clear indication in the complaint that either the Sheriff or Detective Lane is being sued in his individual capacity, the Court must assume, to the extent either is being sued, he is being sued in his official capacity. *Id.* at 772.

A claim against a Franklin County Officer in his official capacity is treated as being an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir.1992). Because both Defendants have been sued only in their official capacity as employees of Franklin County ("the County") the Court must proceed as if Plaintiff has in fact sued the County. Therefore, in order to prevail, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the County. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-91(1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir.1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a

plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity-in this case, Franklin County-caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir.1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted). Plaintiff does not allege that the violation of his rights resulted from any policy or custom on the part of Franklin County. Consequently, both the Franklin County Sheriff and Detective/Investigator are entitled to judgment as a matter of law.

3. <u>Inmate Hodges</u>

Plaintiff claims Inmate Hodges said Detective Lane told him to "smack [Plaintiff] up some" and that the inmate assaulted him. Once Plaintiff reported it to Jail Staff, they instructed him to stay in the Day Room and when Inmate Hodges again assaulted him he was removed and charged with assault.

This defendant has not been identified as a state actor. Indeed, Plaintiff does not contend Inmate Hodges was acting under color of state law or that he jointly engaged with state officials in unconstitutional conduct. Rather, he claims this inmate told him a detective told the inmate to smack Plaintiff. A defendant must be a state actor before they are subject to liability under § 1983 which requires a plaintiff to allege he was deprived of a right secured by the United States Constitution or laws of the United States by a person acting under color of law. Therefore, § 1983 applies to acts of the states, not to acts of private parties.

11

However, if a private party's action is fairly attributable to the state, then such action will constitute state action for § 1983 purposes. *See Tahfs v.Proctor*, 316 F.3d 584 (6th Cir. 2003). In *Tahfs* the Sixth Circuit explained,

> Private persons, jointly engaged with state officials in a prohibited action, are acting under color of law for purposes of the statute. To act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents. Therefore, a private party can fairly be said to be a state actor if (1) the deprivation complained of was caused by the exercise of some right or privilege created by the State and (2) the offending party acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. . . .

*Id.* at 591 (internal punctuation and citations omitted). The Sixth Circuit explained the tests for determining whether conduct is fairly attributable to the state as follows:

> This circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. . . . The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Id.* (citation omitted).

Here, Plaintiff's bare allegation that Inmate Hodges said Detective Lane told him to "smack [Plaintiff] up some," is insufficient to attribute Inmate Hodges' conduct to Detective Lane or the government entity. In this situation, it appears that the only test that might be applicable is the state compulsion test. Nevertheless, Plaintiff's claim that Detective Lane told Inmate Hodges to "smack" Plaintiff does not translate to "proof that

12

the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action" so that Inmate Hodges' choice to hit Plaintiff was really that of Detective Lane's. Plaintiff's allegations are insufficient under any of the tests to demonstrate Inmate Hodges acted as a state actor. In sum, Plaintiff's mere allegations of Inmate Hodge's hearsay statements that Detective Lane told him to "smack" Plaintiff, do not support an inference that Inmate Hodge's conspired with Detective Lane to assault Plaintiff in violation of this constitutional right.

Accordingly, all claims against Inmate Hodges will be **DISMISSED** for failure to state a claims as Inmate Hodges is not a state actor for purposes of § 1983.

## V.      Conclusion

Plaintiff's complaint will be **DISMISSED** *sua sponte* in its entirety for failure to state a claim for which relief may be granted. 28 U.S.C. §§ 1915A and 1915(e) (Doc. 1). In addition, his motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Doc. 3).

An appropriate order will enter.


                                      */s/ Harry S. Mattice, Jr.*
                                     HARRY S. MATTICE, JR.
                             UNITED STATES DISTRICT JUDGE